# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

WILLIAM RUFFNER CHILTON, et al.,

                  Plaintiffs,

v.                                                CIVIL ACTION NO.   2:12-cv-02090

ROBERT MAXWELL CHILTON, et al.,

                  Defendants.

## MEMORANDUM OPINION AND ORDER

### I.    INTRODUCTION

On March 29, 2013, the Court filed its Memorandum Opinion and Order ruling on the parties' various pre-trial motions (ECF 63.)   In its Opinion, the Court expressed its concerns that certain persons who have not been joined in this lawsuit may be necessary parties under Federal Rule of Civil Procedure 19.   (*See id.* at 16–-17.)   Pursuant to the Court's Order, the parties filed additional motions and responsive briefing addressing the Court's concern.   This matter is now ripe for the Court's review.

## II. LEGAL STANDARD

Under Rule 19(a)(1) of the Federal Rules of Civil Procedure a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

**(A)** in that person's absence, the court cannot accord complete relief among existing parties; or

**(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

    **(i)** as a practical matter impair or impede the person's ability to the interest; or

    **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

If the Court finds that a party is "necessary" under Rule 19(a), the Court must order that such a person be made a party, not dismiss the case. Fed. R. Civ. P. 19(a)(2). Moreover, a person "who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." *Id.* Dismissal is, however, one of two options under Rule 19(b) if the joinder of a necessary party is not feasible. In that event the Court must determine "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). In making that determination, the following factors are considered:

**(1)** the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

**(2)** the extent to which any prejudice could be lessened or avoided by:

2

      **(A)**    protective provisions in the judgment;
      **(B)**    shaping the relief; or
      **(C)**    other measures;

**(3)**    whether a judgment rendered in the person's absence would be adequate; and

**(4)**    whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b)(1)–(4). "Whether a person is 'indispensable,' that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation." *Va. Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 86 (4th Cir. 1973) (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968)). "In determining whether a party is necessary and, then, indispensable, the court must consider the practical potential for prejudice in the context of the particular factual setting presented by the case at bar." *Schlumberger Indus., Inc. v. Nat'l Sur. Corp.*, 36 F.3d 1274, 1286 (4th Cir. 1994) (citing *Provident Tradesmens Bank & Trust Co.*, 390 U.S. at 124–24 (citation altered)).

      Rule 19(a) guarantees that all parties interested in a particular lawsuit have both the opportunity to affect the outcome and the benefit of finality from a single judgment. *Abel v. American Art Analog, Inc.*, 838 F.2d 691, 694 (3d Cir. 1988). "By forcing a court to examine the effects of a suit on parties not before it, Rule 19 of the Federal Rules of Civil Procedure 'takes . . . account of the very real, very substantive claims to fairness on the part of outsiders that may arise in some cases.' " *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 917–18 (4th Cir. 1999) (citing *Provident Tradesmens Bank & Trust Co.*, 390 U.S. at 125).

      The Rule 19 inquiry has two steps. First, a court must determine whether a party is necessary to a proceeding because of its relationship to the matter under consideration. *Id.*

Second, if a necessary party is unavailable, a court must decide whether the proceeding can continue in that party's absence. *Id.* If the case cannot proceed in the absence of a necessary party, then that party is deemed indispensable and the action should be dismissed. *Id.*

### III. DISCUSSION

The procedural background of this case is set forth in the Court's March 29, 2013, Memorandum Opinion and Order and need not be repeated here. For the purposes of the present discussion—that is, whether all persons necessary to this action under Federal Rule of Civil Procedure 19 have been and can be joined—the allegations and claims asserted in Plaintiffs' Complaint and the identities of potentially interested persons and entities must be closely examined.

*A. Plaintiffs' Claims*

In their Complaint, Plaintiffs allege, among other things, that their siblings, Defendants Robert Maxwell Chilton and Alice Chilton Zuber (the "Chilton Defendants"), and, at times, United Bank have abused their positions as co-trustees over various trusts established by the Chilton parties' now-deceased parents (ECF 13–14, 16, 35–44) Plaintiffs allege that Defendant Robert Maxwell Chilton engaged in numerous instances of self-dealing as an officer and director of both family corporations, Twelve Sixty-Six Corporation ("1266 Corp.") and Kanawha Village Apartments, Inc. ("KVA"). (*Id* at 13–20.) Plaintiffs allege that both Chilton Defendants engaged in self-dealing in the management of KVA. (*Id.* at 16.) They generally claim that the Chilton Defendants violated their fiduciary duties as a corporate officers and directors.

Plaintiffs further contend that the Chilton Defendants have concocted a proposed merger of 1266 Corp. and KVA based on improper valuations of the companies. They further assert that the

4

directors of 1266 Corp. and KVA "lack objectivity" because their familial relationships with the Chilton Defendants, "lack independence due to domination or control" by the Chilton Defendants, and "have failed on a sustained basis to devote attention to ongoing oversight to the proposed merger, and have failed to make appropriate inquiry which would place the director on notice for the need of further inquiry." (*Id*. at 25.) Plaintiffs further accuse the corporate directors of breaching their fiduciary duties by allowing the improper valuation of the Chilton family residence to serve as the basis for the stock exchange ratio for the proposed corporate merger. (*Id.* at 26.) Plaintiffs also state that they anticipate that further discovery will show that the Chilton Defendants have made payments to the directors of 1266 Corp. and KVA "which are not appropriate given the time and attention they devote to the business of the corporations. " (*Id.*) Plaintiffs also claim that approval of the proposed merger by a majority of the shareholders would constitute unlawful oppression of the minority shareholders. (*Id.* at 27.) As a consequence of such conduct, Plaintiffs allege that the corporate directors' approval of the proposed corporate merger is voidable. (*Id.* at 26.)

In addition to their request that the Court enjoin the merger of 1266 Corp. and KVA, Plaintiffs also ask the Court, among other things, to: remove the Chilton Defendants as trustees of the trusts established for Plaintiffs' benefit, remove the Chilton Defendants as directors and officers of both corporations, appoint a receiver to preside over the dissolution of both corporations, terminate all trusts, order an accounting of all transactions pertaining to the trusts established for Plaintiffs' benefit, evict Defendant Robert Maxwell Chilton from the Chilton family home, and award Plaintiffs damages. (*Id.* at 32–34.)

5

*B.     Corporate and trust structures*

Plaintiffs' claims, among other things, seek dissolution of the two closely-held Chilton family companies, 1266 Corp. and KVA, and the termination of "all trusts." (ECF 1 at 33–34.) In conducting the first step of the Rule 19 inquiry, the Court must determine whether there are persons who have not been joined but who are nonetheless necessary to this case because of their relationships to the closely-held corporations and trusts that are the subject of this litigation.

*1.     1266 Corp. and KVA Corporate Directors and Shareholders*

In response to the Court's request for briefing, the Corporate Defendants tendered a listing of the shareholders and directors of 1266 Corp. and KVA. (ECF 95–1.) This listing states that, in addition to the two Chilton Defendants, there are four other directors of 1266 Corp.: (1) Nancy Maxwell Zuber Gregory of Lake Forest, Illinois; (2) Jane Cline Chilton of Charleston, West Virginia; (3) William L. Chilton of Charles Town, West Virginia; and (4) Will Rucker of Shelby, North Carolina. In all, there are twenty-two shareholders of 1266 Corp., fourteen of whom reside in West Virginia, with the remaining six having Illinois, Kentucky, Washington, and North Carolina residences.

As for KVA, there are four directors in addition to the Chilton Defendants: (1) Will Rucker of Shelby, North Carolina; (2) Oscar Nelson, III of Lewisburg, West Virginia; (3) Nancy Maxwell Zuber Gregory of Lake Forest, Illinois; (4) William Chilton Zuber of Louisville, Kentucky. There are thirty-three shareholders of KVA. Twelve KVA shareholders are trusts related to the Chilton family. Another shareholder is the estate of the Caroline Chilton Nelson Franklin. The remaining twenty shareholders are individuals, six of whom reside in West

Virginia, four in North Carolina, another four in Illinois, three in Washington, and two in Kentucky.

### 2. *Trusts*

The seven trusts that are the subject of this litigation are collectively referenced in Plaintiffs' Complaint as the "Robert E. Lee Ruffner Trusts" (ECF 1 at 35) and are more specifically described in the Chilton Defendants and United Bank's joint memorandum of law in support of their motion to join necessary and indispensible parties and its exhibits (ECF 100–1 through 100–7 and ECF 101 at 2.) Based upon the uncontroverted representations of the Chilton Defendants and United Bank, Defendant Robert Chilton is a trustee for all of the seven trusts, Defendant United Bank is a co-trustee for six of the trusts, Plaintiff Cynthia Chilton Wilson is a co-trustee for one trust, and John Barrett (the husband of Plaintiff William Ruffner Chilton's daughter, Cynthia Noyes Chilton Barrett) is a co-trustee of one trust. Thus, all trustees are named parties in this suit with the exception of John Barrett.

The Plaintiffs and the Chilton Defendants are present income beneficiaries under the trusts. Contingent beneficiaries under the various trusts include: (1) Plaintiffs and the Chilton Defendants; (2) the children of Plaintiff Cynthia Chilton Wilson; (3) the children of the Chilton Defendants; and (4) the children of the Plaintiffs' and Chilton Defendants' deceased sister, Nancy Chilton Nelson.

### C. *Necessary parties to this case*

The Court must ascertain if there are persons who have not been joined who are necessary parties within the meaning of Federal Rule of Civil Procedure 19(a). This inquiry requires an examination of the effects of this suit on parties not before the Court. As noted *supra*, Plaintiffs

seek, among other things, for the Court to enjoin the proposed merger of the two closely-held Chilton family corporations, dissolution of the corporations, and termination of the trusts. Such relief directly affects the interests, rights, and responsibilities of the corporations' directors, officers, and shareholders and the trusts' trustees and beneficiaries.

        1.     *1266 Corp.'s and KVA's directors, officers, and shareholders*

Corporate directors and officers are "liable to the corporation or its shareholders as representing the corporation where the director or officer acts outside the scope of his or her authority to the injury of the corporation." 3 Fletcher Cyclopedia of the Law of Corporations § 1021 (Rev. ed. 2011). Under West Virginia law, a corporate veil may be pierced and the individual shareholders may be held personally liable if, among other things, a court determined that there had been a diversion of the corporation's funds or assets for the personal uses of the shareholders, and the disregard of legal formalities and the failure to maintain proper arm's length relationships among related entities. *W. Va. Highlands Conservancy, Inc. v. Public Serv. Comm'n*, 527 S.E. 2d 495, 500 n.14 (W. Va. 1998) (citing *Laya v. Erin Homes, Inc.*, 352 S.E.2d 93 (1986)). Further, West Virginia Code Section 31D-8-831 provides in pertinent part as follows:

    (a)    A director is not liable to the corporation or its shareholders for any decision to take or not to take action, or any failure to take any action, as a director, unless the party asserting liability in a proceeding establishes that:

        (1)    Any provision in the articles of incorporation authorized by subdivision (4), subsection (b), section two hundred two, article two of this chapter or the protections afforded by section eight hundred sixty of this article or article seven-c, chapter fifty-five of this code interposed as a bar to the proceeding by the director, does not preclude liability; and

        (2)    The challenged conduct consisted or was the result of:

            (A)    Action not in good faith; or

    (B)    A decision: (i) Which the director did not reasonably believe to be in the best interests of the corporation; or (ii) as to which the director was not informed to an extent the director reasonably believed appropriate in the circumstances; or

    (C)    A lack of objectivity due to the director's familial, financial or business relationship with, or a lack of independence due to the director's domination or control by, another person having a material interest in the challenged conduct: (i) Which relationship or which domination or control could reasonably be expected to have affected the director's judgment respecting the challenged conduct in a manner adverse to the corporation; and (ii) after a reasonable expectation has been established, the director does not establish that the challenged conduct was reasonably believed by the director to be in the best interests of the corporation; or

    (D)    A sustained failure of the director to devote attention to ongoing oversight of the business and affairs of the corporation, or a failure to devote timely attention, by making or causing to be made appropriate inquiry when particular facts and circumstances of significant concern materialize that would alert a reasonably attentive director to the need for inquiry;

    (E)    Receipt of a financial benefit to which the director was not entitled or any other breach of the director's duties to deal fairly with the corporation and its shareholders that is actionable under applicable law.

(b) The party seeking to hold the director liable:

    (1)    For money damages, has the burden of establishing that:

        (A)    Harm to the corporation or its shareholders has been suffered; and

        (B)    The harm suffered was proximately caused by the director's challenged conduct; or

    (2)    For other money payment under a legal remedy, including compensation for the unauthorized use of corporate assets, has

        whatever persuasion burden may be called for to establish that the payment sought is appropriate in the circumstances; or

(3)     For other money payment under an equitable remedy, including profit recovery by or disgorgement to the corporation, has whatever persuasion burden may be called for to establish that the equitable remedy sought is appropriate in the circumstances.

West Virginia law also provides a statutory scheme for judicial dissolution of a corporation. *See generally* W.Va. Code § 31D-14-1431. This statute states that shareholders do not need to be made parties to a judicial proceeding to dissolve a corporation "unless relief is sought against them individually." *Id.* Thus, if a plaintiff seeks relief against an individual shareholder, then that person is necessary to the judicial proceeding under West Virginia law.

Plaintiffs have alleged that the Chilton Defendants have colluded with, dominate, and control the other directors of 1266 Corp. and KVA. Plaintiffs accuse these other directors of serious breaches of their fiduciary duties as corporate directors that range from permitting fraudulent valuations of assets to be used to skew the stock exchange ratio for the proposed merger to accepting inappropriate cash payments. (ECF 1 at 25.) Because of the directors' alleged malfeasance, Plaintiffs seek not only removal of the Chilton Defendants as corporate directors, but dissolution of the companies.

Plaintiffs also take aim at the other shareholders of the two corporations. They anticipate that if the proposed merger is put to a vote, a majority of the shareholders would vote for the merger. Plaintiffs allege that such action would constitute "an unlawful act of oppression towards minority shareholders." (*Id.* at 27.)

Despite this ringing indictment of all of the directors of 1266 Corp. and KVA and those shareholders who would vote in favor of the proposed merger, the only corporate directors and

10

shareholders named by Plaintiffs as defendants are the Chilton Defendants. 1266 Corp. has three other directors besides the Chilton Defendants. While two of these other directors are West Virginia residents, the third director is Defendant Alice Chilton Zuber's daughter, Nancy Maxwell Zuber Gregory of Lake Forest, Illinois. Similarly, KVA has four other directors in addition to the Chilton Defendants. One of these directors is a West Virginian. However, the other three, Will Rucker, William Chilton Zuber, and Nancy Maxwell Zuber Gregory, live in North Carolina, Kentucky, and Illinois, respectively. Ms. Gregory and Mr. Zuber are residents of the same states as Plaintiffs, a fact that, as discussed *infra*, poses a jurisdictional inconvenience for Plaintiffs.

The Court finds that all of the directors of 1266 Corp. and KVA are necessary parties in this case.[1] In their Complaint, Plaintiffs make no secret that they seek to impose personal liability on the 1266 Corp. and KVA directors. In fact, they cite West Virginia Code Section 31D-8-831, a statute titled "Standards of liability for directors" in their Complaint. (ECF 1 at 25.) Plaintiffs accuse the directors of the very conduct that exposes them to personal liability under § 31D-8-831, including allegations that the directors engaged in actions not taken in good faith or not in the best interests of the companies, that the directors lacked objectivity due to their familial relationships, and that they lacked independence because they were controlled by the Chilton Defendants. Additionally, where Plaintiffs seek to impose individual liability on a shareholder, such persons under West Virginia Code Section 31D-14-1431 must be made parties to a judicial dissolution proceeding.

---

[1] Based on the evidence before the Court, it is difficult to ascertain who among the several dozen shareholders would engage in the alleged unlawful oppression of Plaintiffs' minority shareholder rights. As discussed *infra*, the Court, however, need not determine whether any of the non-board-of-director shareholders is a necessary party because the presence of two of the necessary directors destroys this Court's diversity jurisdiction and, in light of Plaintiffs' claims, these persons are indispensible to this litigation.

The six other directors (Nancy Maxwell Zuber Gregory, Jane Cline Chilton, William L. Chilton, Will Rucker, Oscar Nelson, III, and William Chilton Zuber) are all persons who may claim an interest relating to the subject of this action and are so situated that disposing of the action in their absence may impair or impede their ability to protect the interest or expose them to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of their interest. Consequently, the Court finds that these six individuals are necessary parties to this case.

### 2. *Trustees and trust beneficiaries*

The Court must also determine whether there are trustees who have not been joined and who are necessary to this case. Plaintiffs seek removal of the Chilton Defendants as trustees. Under West Virginia Code Section 44D-7-706, a court may remove a trustee if the court finds by a preponderance of the evidence that the trustee has committed a serious breach of trust. W. Va. Code § 44D-7-706(b)(1). Removal is also appropriate if the court finds that removal best serves the interests of the beneficiaries where the trustee–-because of unfitness, unwillingness, or persistent failure–did not administer the trust effectively. W. Va. Code § 44D-7-706(b)(3). In proceedings for removal of a trustee, the trustee sought to be removed is the principal defendant. If, however, there are beneficiaries who do not join as plaintiffs, "they should be made parties defendant." G. G. Bogert, G. T. Bogert & Amy Hess, *Law of Trusts and Trustees* § 522 (2012) Further, where there are several trustees, the co-trustees of the one sought to be removed should also be made parties to the action. *Id.*

It appears uncontroverted that the Chilton Defendants and Defendant United Bank serve as trustees to one or more of the various trusts and that only one trustee of these trusts has not been

12

made a party, namely, John Barrett, Plaintiff William Ruffner Chilton's son-in-law. Based on the foregoing principles of trust law, the Court finds that Mr. Barrett is a necessary party who must be joined.[2]

Finally, the Court must ascertain whether there are beneficiaries to the trusts who are necessary parties. The definition of "beneficiary" under West Virginia Code Section 44D-1-103(c) includes persons who have a "present or future beneficial interest in a trust, vested or contingent." Pursuant to West Virginia Code Section 44D-4-411(e), in the absence of the consent of all trust beneficiaries, a court may approve the termination of a noncharitable irrevocable trust so long as: (1) the trust could have been terminated under § 44D-4-11(a) & (b) with the consent of all beneficiaries; and (2) the interests of a beneficiary who does not consent can be adequately protected.

There is no evidence that all the present and future beneficiaries of the trusts have consented to termination of the trusts. The present income beneficiaries of the trusts are the Plaintiffs and the Chilton Defendants. The Chilton Defendants oppose termination of the trusts. The future income beneficiaries include, among others, the Chilton Defendants' children, Plaintiff Cynthia Wilson Chilton's children, and the children of the Chilton parties' deceased sister. While the record fails to effectively map the many branches of the Chilton family tree, it appears that future income beneficiaries include William Chilton Zuber, a Kentucky resident and Nancy Maxwell Zuber Gregory, a resident of Illinois. Because there is no evidence that all the trust

---

2 Based on Plaintiffs' briefing, John Barrett opposed the proposed merger of 1266 Corp. and KVA. Mr. Barrett is also the son-in-law of Plaintiff William R. Chilton. As such, it appears his interests in this case are aligned with Plaintiffs'. However, joinder of Mr. Barrett, a West Virginian, as a voluntary or involuntary plaintiff is not feasible because it would impact this Court's diversity jurisdiction. As discussed *infra*, the Court's Rule 19 determination, however, does not depend on sorting out which side of the "v." Mr. Barrett would fall.

beneficiaries have consented or would consent to termination of the trusts and because Plaintiff has not controverted the Chilton Defendants' representation in their briefing that there are beneficiaries who do not consent to the termination of the trusts, the Court cannot find that all beneficiaries agree with termination of the trusts.

Thus, the question remains whether there are beneficiaries who are not parties must be joined under Federal Rule of Civil Procedure 19(a). According to Bogert, the parties seeking termination of a trust must prove that they represent the entire class of beneficiaries. G. G. Bogert, G. T. Bogert & Amy Hess, *Law of Trusts and Trustees* § 1007 (2012) Further,

> [i]f, in addition to the beneficiaries who apply to the court, there are contingent beneficiaries who may take an interest in the future on the happening of a certain event, the trust ought not to be terminated and their interests cut off or in any way affected, unless the court deems that they are represented by a guardian ad litem or under the doctrine of virtual representation by which living members of a class may act for possible future entrants into the class. . . .
>
> Where the court, for any reason, would end the trust as a whole if all the beneficiaries applied, it may terminate the trust in part, and direct the trustee to deliver over part of the principal to a beneficiary. On the other hand, it is well settled that the court will not end the trust as a whole on the request of only a portion of the beneficiaries.

*Id.*

Here, Plaintiffs request not just a modification of the trusts, but complete termination. This is a stout remedy that jeopardizes the financial future of all the contingent beneficiaries. While virtual representation under West Virginia Code Sections 44D-3-303 and -304 are potential alternatives to joinder of all beneficiaries, these sections only apply to the extent that there is no conflict of interest between the party representative and the represented persons. The interests of the Plaintiffs in seeking immediate termination of all trusts would almost certainly have the effect of eliminating all financial benefit for the future beneficiaries under the trusts. This proposition

clearly presents a conflict of interest. As it stands, all of the trust beneficiaries can rightly claim an interest in this case and are so situated that disposition of this case in any beneficiary's absence may impair or impede their ability to protect their interest. As such, all the beneficiaries must either be joined or evidence must be tendered to satisfy the Court that each beneficiary's interest may be fairly represented by a party representative. To date, no such evidence has been tendered.

     *D.*     *Indispensible parties*

The Court has found that Nancy Maxwell Zuber Gregory, Jane Cline Chilton, William L. Chilton, Will Rucker, Oscar Nelson, III, and William Chilton Zuber, as corporate directors of 1266 Corp. and KVA are necessary parties under Federal Rule of Civil Procedure 19(a). The Court has also found that co-trustee John Barrett and all beneficiaries are necessary parties.[3] As noted earlier, it appears that the most natural alignment of Mr. Barrett, , a West Virginian, would be that of a plaintiff. In that event, complete diversity would be lacking because of the West Virginia residencies of the Defendants. Even if the Court assumed that Mr. Barrett were to be joined as a defendant, the joinder as defendants of Ms. Gregory (an Illinois resident) and Mr. William Chilton Zuber (a Kentuckian) is not feasible because their joinder destroys complete diversity between all the Plaintiffs and Defendants.

Thus, the Court must determine pursuant to Rule 19(b) whether, in equity and good conscience, this case can proceed with the existing parties or must be dismissed. The Court has examined the factors set forth in Rule 19(b) and finds that the appropriate determination is that this

---

3  There is insufficient evidence in the record to permit the Court to determine which of the beneficiaries under the trusts cannot be joined because of their residencies. There is sufficient evidence that Ms. Gregory and Mr. William Chilton Zuber are beneficiaries who cannot be joined as defendants because they reside in the same states as the Plaintiffs.

15

case be dismissed. First, as discussed above, Plaintiffs elected to request sweeping remedies, including dissolution of two corporations and termination of at least seven trusts. That decision has jurisdictional consequences. A judgment rendered in the absence of all the corporate directors, all the trustees, and all beneficiaries (who are not otherwise fairly represented virtually) has the potential to greatly prejudice their rights as well as the rights of the existing parties.

Nor can the Court find that prejudice to these absent parties could be alleviated by protective provisions in the judgment, the fashioning of relief, or other measures. In response to the Court's direction for briefing on the issue of joinder of necessary persons, Plaintiffs also fault Defendants for failing to timely move for Rule 19 joinder. Plaintiffs suggest that any problems relating to the joinder of necessary persons can be resolved by "severing Plaintiffs' claims against [the Chilton Defendants] from Plaintiffs' claims against United Bank, Inc." (*See* ECF 98 at 1.) More particularly, Plaintiffs propose that pursuant to Federal Rule of Civil Procedure 21, the Court sever Plaintiffs' self-dealing claims against the Chilton Defendants from any other claims against them and from any claims against United Bank.[4] (*Id*. at 5–6.) They also propose

> to withdraw opposition to the proposed merger of [1266 Corp. and KVA], if it is conducted in a manner that affords all shareholders of [1266 Corp. and KVA] the option of a cash-out merger incident to which each dissenting shareholder could elect to exercise their rights under W. Va. Code § 31D-13-1301(4) to liquidate their shares by reference to the fair value of their pro rata ownership, without any discount for lack of liquidity or minority share status.

(*Id.* at 5.)

Defendants oppose Plaintiffs' proposed remedy for a variety of reasons and repeat the many of the arguments they made in their responses to the Court's request for briefing. (ECF

---

4 Rule 21 provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

16

104, 105.) Defendants contend that despite the label of "severance" Plaintiffs are really seeking separate trials pursuant to Rule 42(b). They reason that because Plaintiffs state that any recovery from the failure to diversify claims is subject to an offset from the recovery on the self-dealing claims, Plaintiffs are not really seeking separate judgments, as would be the case under a Rule 21 severance. Defendants argue that separate trials under Rule 42(b) are only permitted where the claims and issues to be tried are separate and distinct. Because Plaintiffs' Complaint merges the claims and issues relating to the self-dealing and failure to diversify allegations, Defendants assert that Plaintiffs may not be allowed separate trials under Rule 42(b).

The Court is not persuaded that Plaintiffs' proposed remedy does much, if anything, to alleviate the potential prejudice to the non-joined and necessary corporate directors, the co-trustee, and the beneficiaries. In their discursive and overly-lengthy Complaint, Plaintiffs have woven the Chilton Defendants' alleged and sundry misdeeds into a common narrative to support most if not all their claims. Trying to segregate factual issues would prove an impossible task. Even if the Court were to accept Plaintiffs' hypothesis that no additional parties need be joined for a trial on the self-dealing claims, a trial on the remaining claims still presents the situation where non-parties' interests may be impaired. The fact remains that two of the requested remedies are, of course, the dissolution of 1266 Corp. and KVA and the termination of several trusts. The Court cannot envision in equity and good conscience fashioning this requested relief in a manner that does not prejudice the rights of absent directors, a co-trustee, and non-represented beneficiaries. As for Plaintiffs criticism that Defendants' Rule 19 arguments are untimely, the Court notes that, as here, a court with proper jurisdiction may consider *sua sponte* the absence of a required person

and dismiss a case for failure to join. *Republic of Philippines v. Pimentel*, 553 U.S. 851, 862 (2008).

Finally, the Court takes much stock in the fact that Plaintiffs have a perfectly adequate remedy if this case is dismissed, namely, filing a suit in West Virginia state court. This case centers on West Virginian corporations and trusts established under West Virginia state law. The West Virginia state courts are particularly well-suited to adjudicate disputes implicating such matters.

Accordingly, because there are persons who are necessary to this action and who have not been joined as parties, because these absent parties' joinder is not feasible, and because these absent parties are indispensible under Rule 19(b), the case must be and is **DISMISSED.**

## IV.     CONCLUSION

For the reasons set forth above, the Court **DISMISSES WITHOUT PREJUDICE** this action and **DIRECTS** the Clerk to remove this case from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     August 27, 2013

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE